**The People of the State of Illinois, Defendant in Error, v. James Hadley, Plaintiff in Error.**

**Gen. No. 8,350.**

 Opinion filed September 4, 1931.

HADLEY & WEAVER, for plaintiff in error; WILLARD E. CAIN and JOHN S. WOODWARD, of counsel.

C. W. REED, State's Attorney, and RUSSELL W. KEENEY and WILLIAM E. HOOPER, Assistant State's Attorneys, for defendant in error.

MR. JUSTICE WOLFE delivered the opinion of the court.

James Hadley, plaintiff in error, was an acquaintance of Mary Dolan and Gertrude Natoli, who were being tried in the county court of DuPage county on information charging them with petit larceny. On the 4th day of March, while the case was on trial, about 11 o'clock in the morning a recess was taken and the jury permitted to leave the jury box. The plaintiff in error was near the door of the court room at the time the recess was taken and went into the corridor and then into the wash room some distance away from the main court room. The corridor and wash room were used by the jurors and the witnesses in the case.

It is contended by the People in this case that the plaintiff in error had a conversation with the juror in

this wash room and attempted to intimidate one of the jurors named McNichols by threatening him with physical violence if the jury did not find each of the defendants not guilty. The juror told the sheriff what he claimed that Hadley had said to him. The sheriff and the juror then informed the judge of what had been done. The judge called in the attorneys interested in the trial, a juror was withdrawn and the case continued. The next day the court directed that a warrant be issued commanding the sheriff to arrest the said Hadley to answer unto the People for and concerning the crime of criminal contempt. Hadley obtained counsel, came into court, and asked that the writ be quashed, because there was on file no complaint, affidavit or petition to support the writ, and he also asked that the plaintiff in error be discharged. The court denied the motion, heard the evidence relative to the charges, found the defendant guilty of contempt of court and sentenced him to imprisonment in the county jail for 30 days. To reverse this sentence Hadley brings the case to this court on a writ of error.

The county court was in error in proceeding in a summary manner without giving the defendant an opportunity to purge himself of the charge of contempt. The authorities hold that where the court is in session it is present in every part of and place set apart for its own use and for the use of its officers, jurors, and witnesses, and any misbehavior in such place is misbehavior in the presence of the court, and such misbehavior has been uniformly held to constitute a direct contempt of court.

It is not in every case of direct contempt of court that the court can proceed against the alleged offender in a summary manner as was done in this case. In *In re Savin,* 131 U. S. 267, the court in discussing the proceeding for contempt of court, say: "It is true that the mode of proceeding for contempt is not the

same in every case of such misbehavior. Where the contempt is committed directly under the eye and within the view of the court, it may proceed 'upon its own knowledge of the facts, and punish the offender without further proof, and without issue or trial in any form' whereas, in cases of misbehavior of which the judge cannot have such personal knowledge, and is informed thereof only by the confession of the party, or by the testimony under oath of others, the proper practice is, by rule or other process, to require the offender to appear and show cause why he should not be punished'' for such contempt. In the case of the *People v. Cochrane,* 307 Ill. 126, in which the *Savin* case, *supra,* and many others are quoted, Justice Cartwright expresses the view, ''the presence of the court means in the ocular view of the court or where the court has direct knowledge of the contempt.''

The court in this case had no knowledge of his own upon which to base a judgment but had to rely solely upon the testimony of witnesses for the facts, and under the rule as laid down in *People v. Cochrane, supra,* such contempt was not in the presence of the court. *People v. Rongetti,* 344 Ill. 107. Following the rule as laid down in the cases as stated above, it is manifest that the correct procedure against the defendant Hadley would have been to enter a rule against him to show cause why he should not be punished for contempt of court. Under the circumstances in this case the court was not justified in following a summary course, thereby depriving the defendant of the right to answer or purge himself of contempt if he could.

The judgment of the county court of DuPage county is hereby reversed.

*Reversed.*